**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREN BORN, | : | CIVIL ACTION NO. 07-3771 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| MONMOUTH COUNTY CORRECTIONAL | : | |
| INSTITUTION, et al., | : | |
| | : | |
| Defendants. | : | |

**COOPER, District Judge**

Plaintiff, Karen Born, alleges claims pursuant to 42 U.S.C. § ("Section") 1983 against defendants, Officer Pizzano ("Pizzano") and Sergeant Cornine ("Cornine") (collectively, "defendants"). (Dkt. entry no. 1, Compl.) Defendants previously separately moved for summary judgment in their favor pursuant to Federal Rule of Civil Procedure ("Rule") 56. (Dkt. entry nos. 21, 23.) The Court denied the separate motions on August 28, 2008, finding genuine issues of material fact to exist ("8-28-08 Memorandum Opinion and Order"). (Dkt. entry no. 41, 8-28-08 Mem. Op.; dkt. entry no. 42, 8-28-08 Order.) Defendants now separately move again, _inter alia_, for summary judgment in their favor pursuant to Rule 56. (Dkt. entry nos. 57, 58.) Plaintiff opposes the separate motions. (Pl. Opp'n Br. to Pizzano's Mot. ("Pl. Br.") (not docketed); dkt. entry no. 65, Pl. Opp'n Br to Cornine's Mot. ("Pl. Opp'n Br.").) The Court determines the

separate motions on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) deny Cornine's motion for summary judgment, (2) grant Pizzano's separate motion for summary judgment in part, and (3) deny Pizzano's separate motion for summary judgment in part.

**BACKGROUND**

Plaintiff's Section 1983 claims arise out of alleged conduct that occurred while she was incarcerated at Monmouth County Correctional Institution ("MCCI").  (See Compl.)  Plaintiff alleges that when Cornine brought her to the "Constant Watch" in the Medical Department of MCCI, Pizzano told her to lay down and then "stomped" on her back, "damag[ing] [her] ribs severely," so that she could not "move or breath[e] or cough without extreme pain for [three] weeks."  (Id.)  She further alleges that Cornine "stood by and watched [and] allowed [Pizzano] to stomp on [her] back with his boot, and did nothing to stop the assault."  (Id.)  She also alleges that when she complained to Pizzano about the assault a few days later, Pizzano "quickly closed" the "trap" in her door, "causing a cup of hot soup to spill on [her] bare feet."  (Id.)

Cornine previously moved for summary judgment in his favor, arguing, inter alia, there is no evidence (1) that Cornine had personal knowledge of the alleged assault, or (2) to suggest that Cornine was present during the alleged assault.  (8-28-08 Mem.

2

Op. at 13.)  The Court found that plaintiff put forth evidence indicating that Cornine was in the vicinity when she was allegedly assaulted, as she alleges that (1) Cornine escorted her to the "Constant Watch" cell in the Medical Department of MCCI, (2) it is MCCI policy for the sergeant who escorts the prisoner to Constant Watch to stay there until the prisoner is securely locked into the Constant Watch cell, and (3) she saw Cornine outside the cell both before and after the alleged assault occurred.  (Id. (quotations and citations omitted).)  The Court thus denied Cornine's motion, determining that there is a genuine issue of material fact as to whether Cornine was present during the alleged assault, and, if so, what the extent of his participation was in it.  (Id.)

Pizzano also separately moved for summary judgment, arguing, inter alia, that plaintiff did not present sufficient evidence supporting her allegation that Pizzano assaulted her.  (Id. at 14.)  The Court found that plaintiff put forth evidence that Pizzano was in the vicinity when the alleged assault occurred, as she alleges that she saw Pizzano in the vicinity of the cell both before and after the alleged assault.  (Id.)  The Court thus denied the motion, finding there is a genuine issue of material fact as to whether Pizzano was present during the alleged assault, and, if so, what the extent of his participation was in it.  (Id.)

Pizzano now moves (1) to dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and (2) for summary judgment in his favor, arguing that (a) plaintiff cannot present sufficient evidence for a jury to return a verdict in her favor, and (b) any force used during the alleged assault was de minimis and does not establish a prohibited excessive use of force. (Dkt. entry no. 58, Def. Br. at 30-53.)  Cornine moves separately for identical relief, relying on the statement of facts, legal arguments, and attachments and exhibits submitted by Pizzano. (See dkt. entry no. 57, Yuro Certif. at 2.)  Plaintiff opposes both motions.  (Pl. Br.; Pl. Opp'n Br.)

## DISCUSSION

## I.   Motion to Dismiss pursuant to 28 U.S.C. § 1915

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915, which establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.  The Court must (1) review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis, and (2) sua sponte dismiss any claim if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Cuciak

4

v. Ocean County Prob. Office, No. 08-5222, 2009 U.S. Dist. LEXIS 33396, at *4-*5 (D.N.J. Apr. 20, 2009).[1]

A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed.R.Civ.P. 8(a). Also, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

A pro se pleading's sufficiency must be construed liberally in a plaintiff's favor. See Erickson v. Pardus, 51 U.S. 89, 94 (2007). A pro se plaintiff needs to allege only enough facts to suggest the required elements of the claim asserted, but the Court need not credit mere "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendants contend that "a review of Plaintiff's history, and of her allegations in this matter and the documents

---

[1] 28 U.S.C. § 1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

contradicting her claims, requires dismissal of the _in forma pauperis_ complaint . . . on the basis that the complaint is both factually and legally frivolous." (Def. Br. at 33.) Defendants argue, _inter alia_, that the lack of evidence of any documented injury regarding the alleged assault, combined with plaintiff's history of mental health problems, resisting police and correctional instructions, falsely claiming suicidal intentions, and claiming alleged harassment and rape by officers and other inmates, demonstrate that plaintiff's factual assertions are not credible and are frivolous. (_Id._ at 38-42.)

Plaintiff, however, paid the full $350 filing fee, stating her intent not to submit an _in forma pauperis_ application. (Dkt. entry no. 4, 8-23-07 Letter.) Construing the Complaint liberally, as well as the supporting evidence submitted by the parties, plaintiff has alleged sufficient facts to suggest the required elements of the claims asserted. Certain disputed claims against Cornine and Pizzano, moreover, have already been analyzed by the Court upon motions for summary judgment, and the Court has concluded that genuine issues of material fact exist. (_See_ 8-28-08 Mem. Op. & Order.) The Court thus finds it inappropriate to dismiss the Complaint as frivolous at this juncture. _Cf._ _Blakeney v. Dauphin County Prison_, 156 Fed.Appx. 520, 522 (3d Cir. 2005) (affirming decision dismissing certain claims after nearly three years of discovery, pursuant to 28

6

U.S.C. § 1915, for lacking any basis in law, and granting summary judgment on other claims because no genuine issue of material fact existed).

## II.  Motion for Summary Judgment

### A.    Summary Judgment Standard

Rule 56(c) provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

7

trial." Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48.  A fact is material only if it might affect the action's outcome under governing law.  Id. at 248.  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

### B.   Section 1983 Claims

#### 1.   Color of State Law

A plaintiff asserting civil rights violations under Section 1983 must establish that the defendant acted under color of state law to deprive him or her of a right secured by the Constitution or the laws of the United States.  Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights, but instead provides a remedy for the

violation of rights created by other federal laws.  Id.; Kneipp
v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

For a plaintiff's Section 1983 claim to survive a motion for
summary judgment, there must be a genuine issue of fact as to
whether the defendant (1) acted under color of state law; or (2)
deprived the plaintiff of a federal right.  Groman, 47 F.3d at
633.  "The color of state law element is a threshold issue; there
is no liability under [Section] 1983 for those not acting under
color of law."  Id. at 638.  Further, officials may be liable
under Section 1983 for the acts of those over whom they have
supervisory responsibility.  However, civil rights liability
cannot be predicated solely on the doctrine of respondeat
superior.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.
1988).  Personal involvement in the alleged wrong-doing must be
shown.  Id.  There is no dispute here that Cornine or Pizzano, a
sergeant and officer employed by Monmouth County, acted under
color of state law.

### 2.   Eighth Amendment Claims

It appears that plaintiff alleges Eighth Amendment claims of
excessive force against Cornine and Pizzano.  (See Compl.)
Defendants, however, contend they are both entitled to summary
judgment because the "overwhelming evidence presented," including
plaintiff's medical and criminal history and records and
certifications from corrections personnel, "reveals that

9

[p]laintiff has a negative attitude toward law enforcement and a history of mental health problems that have led [p]laintif to a pattern of making false allegations against corrections officers."  (Def. Br. at 47.)

In an excessive force claim under the Eighth Amendment, the inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).  Several factors may be considered in determining an excessive force claim, including (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of injury inflicted, (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them, and (5) any efforts made to temper the severity of a forceful response.  Id.

Summary judgment in favor of a defendant is appropriate if it appears that the evidence, viewed in the light most favorable to the plaintiff, will not support a reliable inference of wantonness in the infliction of pain.  See id.  "[T]he absence of significant resulting injury[, however,] is not a per se reason for dismissing a claim based on alleged wanton and unnecessary use of force against a prisoner."  Id. at 108.  As explained in Hudson v. McMillian,

10

> When prison officials maliciously and sadistically use
> force to cause harm, contemporary standards of decency
> always are violated.  This is true whether or not
> significant injury is evident.  Otherwise, the Eighth
> Amendment would permit any physical punishment, no
> matter how diabolic or inhuman, inflicting less than
> some arbitrary quantity of injury.  Such a result would
> have been as unacceptable to the drafters of the Eighth
> Amendment as it is today.

503 U.S. 1, 9 (1992) (citations omitted).

Although "the extent of an injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used." Brooks, 204 F.3d at 108; Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002) (finding the analysis to be driven by the extent of the force and the circumstances in which it was applied, and not by the resulting injuries); see Lewis v. Viton, No. 07-3663, 2008 U.S. Dist. LEXIS 63599, at *22-*24 (D.N.J. July 31, 2008).  While "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force," it does not exclude uses of force which are "repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10 (citations, quotations, and emphasis omitted) (finding blows causing bruises, swelling, loosened teeth, and cracked dental plate were not de minimis under Eighth Amendment); see Brooks, 204 F.3d at 107; Bey v. Pa. Dep't of Corr., 98 F.Supp.2d 650, 663 (E.D. Pa. 2000).

An officer's failure to intervene during another officer's use of excessive force can also constitute excessive force.

11

Smith, 293 F.3d at 650.  Such a failure can be the basis of
liability for an Eighth Amendment violation if the officer had a
realistic and reasonable opportunity to intervene and refused to
do so.  Id. at 650-51.

      **a.   The Alleged Assault**

Defendants dispute numerous factual allegations made by
plaintiff and assert different facts concerning whether there was
an excessive use of force during the assault alleged by
plaintiff.  Particularly, defendants certify that Pizzano "did
not kick [plaintiff] in the back," but rather Pizzano "touched
[p]laintiff's shoulders gently to guide her on to the mattress in
the constant watch cell, after [p]laintiff refused to lay down on
to the mattress, so her handcuffs would be unlocked by Officer
Simone."  (Def. Br. at 43, 47, 53.)  They further argue there is
no evidence of bruises, swelling, injury to ribs, or other
indicia of assault in plaintiff's medical records following the
date of the alleged assault.  (Id. at 47.)  They also contend
that they are entitled to summary judgment because any "force"
used during the alleged assault was de minimis and does not give
rise to a Section 1983 claim.  (Id. at 53.)

Plaintiff's failure to submit evidence of severe or
permanent injury is not fatal to her claims.  See, e.g., Hodgin
v. Agents of Montgomery County, 619 F.Supp. 1550, 1553 (E.D. Pa.
1985).  If a jury were to believe plaintiff's account of her

12

injuries, then it would be possible for a jury to conclude that her injuries were harmful enough to establish a constitutional violation.

Whether plaintiff was injured by the alleged assault, and whether the alleged force used by Pizzano was de minimis, are disputed questions of fact.  Plaintiff has put forth evidence that she reported rib pain to medical personnel following the alleged assault and was told "her ribs were probably bruised or contused and if this was the case it would not show up on the x-ray." (Pl. Br. at 11.)  Plaintiff also contends, and is supported by documentary evidence, that she complained to MCCI medical staff that she had been "stomped" on the back and was unable to breathe.  (Id. at 2, 11; see dkt. entry no. 58, Jones Certif., Ex. BB; id., Ex. RR; Def. Br. at 10-11.)

The Court finds that if a jury were to credit plaintiff's allegations regarding Pizzano's participation in the alleged assault, and (1) the degree of force used by Pizzano, or (2) her injuries suffered as a result, then it could reasonably find that Pizzano used excessive force.  See, e.g., Champion v. Outlook Nashville, 380 F.3d 893, 903 (6th Cir. 2004) (stating "putting substantial or significant pressure on a suspect's back while that suspect is in a face-down prone position after being subdued and/or incapacitated constitutes excessive force").  This requires the Court to submit the issues to a jury for a

13

determination.  Accordingly, because genuine issues of material fact exist, the Court must deny Pizzano's motion for summary judgment to the extent that it seeks judgment in his favor as to the alleged assault.

Whether Cornine was present for the alleged assault and failed to intervene is also a question of fact.  Plaintiff asserts Cornine "watched the assault and did nothing to stop the assault" and, as a result, "plaintiff was unjustly assaulted and suffered both physical injury . . . and extreme psychological pain, fear, anxiety, and anguish lasting to the present."  (Pl. Opp'n Br. at 4-5.)  The Court, moreover, previously found that plaintiff has put forth evidence indicating that Cornine was in the vicinity when she was allegedly assaulted.  (8-28-08 Mem. Op. at 13.)

The Court finds that if a jury were to credit plaintiff's allegations regarding Cornine's presence during the alleged assault and failure to intervene, then it could reasonably find that Cornine violated plaintiff's Eighth Amendment rights.  This requires the Court also to submit this issue to a jury for a

determination.  As such, Cornine's motion for summary judgment
must be denied as genuine issues of material fact exist.[2]

### b.   The Alleged Soup Spilling Incident

Plaintiff further alleges that she complained to Pizzano
about the alleged assault, and Pizzano "quickly closed" the
"trap" in her door, "causing a cup of hot soup to spill on [her]
bare feet."  (See Compl.)  Pizzano, however, disputes this
allegation, contending plaintiff refused to show her foot to
medical personnel after he allegedly caused the hot soup to be
spilled, and suffered no physical injury as a result.  (Def. Br.
at 48; see Jones Certif., Ex. BB.)

Plaintiff argues that she "told nurse [that] Officer
[Pizzano] had caused hot liquid to spill on plaintiff's foot and
asked nurse to look at her foot, nurse ignored plaintiff and
walked away."  (Pl. Br. at 2.)  Viewed liberally to plaintiff,
the medical records, however, indicate that she was seen by
medical personnel various times following the alleged incident

---

[2]   The Court acknowledges plaintiff's history of mental
health issues, that she allegedly was not taking medication for
her schizoaffective or bipolar disorders during the time of the
alleged assault, and history of complaints against law
enforcement.  (Def. Br. at 47; Jones Certif., Ex. YY.)  These
facts, however, do not change that genuine issues of material
fact exist as to plaintiff's particular claims here.  (See also
Pl. Br. at 2-7 (disputing many of defendants' contentions
regarding plaintiff's mental state and history of making false
complaints).)

and either refused to have her foot examined or was found to be
without any injury.  (<u>See</u> Jones Certif., Ex. BB.)

Plaintiff has failed to bring to the Court's attention any
additional evidence that could conceivably raise any genuine
issue of material fact as to whether Pizzano's alleged actions
here rise to the level of excessive force.  <u>See</u> <u>Anderson</u>, 477
U.S. at 252.  This claim against Pizzano thus fails because the
evidence, viewed in the light most favorable to the plaintiff,
does not support a reliable inference of wantonness in the
infliction of pain.  <u>See</u> <u>Brooks</u>, 204 F.3d at 106; <u>Wright v.
Goord</u>, 554 F.3d 255, 269 (2d Cir. 2009) (finding claim that
plaintiff dropped his hot coffee during incident with corrections
officer was not "objectively harmful enough to establish a
constitutional violation," and noting plaintiff "could not say he
experienced any physical injuries from the encounter").
Plaintiff cannot rely on a mere allegation to defeat a motion for
summary judgment.  See Anderson, 477 U.S. at 249.  Accordingly,
the Court will grant Pizzano's separate motion to the extent it
seeks summary judgment in his favor on this claim.[3]

---

[3]  The Court notes that, although it finds that this claim
does not rise to the level of a constitutional violation, the
allegation may be admissible at trial to show animus on the part
of defendant Pizzano.

**CONCLUSION**

For the reasons stated <u>supra</u>, the Court will (1) deny Cornine's motion for summary judgment, (2) grant Pizzano's separate motion for summary judgment in part, and (3) deny Pizzano's separate motion for summary judgment in part.  The Court will issue an appropriate Order and Judgment.


                                        s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge
Dated:    July 9, 2009


17